**Frank PERRELLI, Plaintiff–Appellant,**

v.

**William TAYLOR, Defendant–Appellee.**

No. 03–9070.

United States Court of Appeals, Second Circuit.

Oct. 20, 2004.

Norman A. Pattis, Williams & Pattis, LLC, New Haven, CT, for Appellant.

Matthew B. Beizer, Assistant Attorney General (Richard Blumenthal, Attorney General for the State of Connecticut, on the brief), Hartford, CT, for Appellee.

Present: WALKER, Chief Judge, B.D. PARKER, and MORDUE,* Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is **AFFIRMED**.

Plaintiff-appellant Frank Perrelli appeals from the June 26, 2003, judgment of the district court granting summary judgment to defendant-appellee State Trooper William Taylor and dismissing plaintiff's claims, brought pursuant to 42 U.S.C. § 1983, for false arrest and unreasonable seizure in violation of his Fourth and Fourteenth Amendment rights.

We review the district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party. *World Trade Ctr. Props., L.L.C. v. Hartford Fire Ins. Co.*, 345 F.3d 154, 165–66 (2d Cir.2003). Summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). A fact is "material" for these purposes if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

"The Fourth Amendment prohibits unreasonable seizures; it is not a general prohibition of all conduct that may be deemed unreasonable, unjustified or outrageous." *Medeiros v. O'Connell*, 150 F.3d 164, 167 (2d Cir.1998). An official who violates a plaintiff's Fourth Amendment rights will be entitled to qualified immunity where "(1) the defendant's actions did not violate clearly established law, or (2) it was objectively reasonable for the defendant to believe that his actions did not violate such law." *Ford v. Moore*, 237 F.3d 156, 162 (2d Cir.2001).

▮ Viewing the evidence in the light most favorable to Perrelli, as we are required to, *see World Trade Ctr. Props., L.L.C. v. Hartford Fire Ins. Co.*, 345 F.3d 154, 165–66 (2d Cir.2003), we find that the district court correctly granted summary judgment to Taylor. A review of the record discloses that Perrelli did not offer evidence to substantiate his claims that Taylor subjected him to false arrest or an unreasonable seizure. Perrelli's conclusory allegations contained in his Rule 9(c) statement alone are insufficient to raise a triable issue of fact. *See* D. Ct. Local R. 9(c)3 (2001) ("Each statement of material fact in a Local Rule 9(c) Statement by a movant or opponent must be followed by a citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial."); *see also Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 74 (2d Cir.2001) ("[A] Local Rule 56.1 statement is not itself a vehicle for making factual assertions that are otherwise unsupported in the record."); *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir.2000). Moreover, even if we assumed that Perrelli was arrested or seized, the record amply demonstrates that it was objectively reasonable for Taylor to have believed at the time of the alleged arrest and seizure that

there was "reasonable cause to believe that [Perrelli] ha[d] psychiatric disabilities and [was] dangerous to himself ... or others or gravely disabled," as required by Connecticut statute to authorize an officer to take a person into custody and to a general hospital for emergency examination. Conn. Gen.Stat. § 17a–503(a).

Having thoroughly considered all of appellant's arguments, we find no error in the district court's order. Accordingly, for substantially the reasons set forth in the district court's September 8, 2003, Ruling on Defendant's Motion for Summary Judgment, the judgment of the district court is hereby AFFIRMED.